## LOVE vs. DARGAN.

1. In assumpsit to recover money paid by plaintiff, as defendant's security on his official bond as deputy marshal, the marshal is a competent witness for plaintiff, the money having been paid upon a compromise in full discharge of plaintiff's liability on said bond.

2. When an objection is made to an entire deposition as being incompetent evidence, the objection may be overruled, if any portion of the deposition is admissible.

ERROR to the Circuit Court of Autauga.

Tried before the Hon. A. B. MOORE.

Assumpsit, by E. S. Dargan against A. C. Love.

Geo. W. Gayle, for plaintiff in error:

1. The assignor of a chose in action, is an incompetent witness for the plaintiff. 2 Sup. U. S. Digest, 974, §§ 381, 382; Saltmarsh v. Smith, at January term, 1852; 8 Ala., 846.

2. Crawford is interested in the recovery, and therefore incompetent. If Dargan fails, Crawford is liable to him for money had and received; and the judgment in this case would be evidence in Dargan's favor. 8 Ala., 599; 9 ib., 744; 12 ib., 592.

S. P. Storrs, contra:

1. If the contract is broken, it is not necessary for plaintiff to stand a suit. It will be sufficient, if he prove a liability and payment. 13 Johns., 58; 4 ib., 460; 3 New Hamp., 270; 1 Pick., 118; 2 Greenleaf on Evidence, § 114. The disqualifying interest of the witness must be in the event of the cause itself. 1 Greenl. Ev., § 389. The true test of interest is, whether he will gain or lose by the result of this suit.

2. The objection was to the entire deposition, and therefore it should have been overruled.

CHILTON, J.—This was an action by the defendant in error against the plaintiff in error in the Circuit Court of Autauga, to recover money alleged to have been paid as his security, upon a liability as deputy marshal to one Robert L. Crawford, who was the marshal of the United States for the Southern District of the State of Alabama.

On the trial in the court below, Dargan offered the deposition of Mr. Crawford, the marshal, to prove that he paid to said marshal the sum of $1600 in discharge of his liability on Love's bond, and that the liability then actually existing, by reason of Love's failure to pay over certain moneys collected by him as deputy, amounted to $2200, or thereabout.

Crawford was objected to as interested in the result of this suit, but the objection was overruled, and his deposition allowed to be read as evidence. This is the only point presented for revision. The cases cited by the counsel for the

plaintiff in error show that, the assignor of a chose in action is an incompetent witness for the assignee. This is certainly correct. But we think it quite clear Dargan cannot be regarded in the light of an assignee of a chose in action. There is no pretence that Crawford practiced upon him any fraud, and he voluntarily paid a gross sum upon a compromise of his liability upon Love's bond. Now, whether the amount actually due from Love was more or less than the sum paid by Dargan, yet as he voluntarily paid it upon a compromise in consideration of a complete discharge, it is too clear to admit of any doubt that he has no recourse on Crawford. Consequently the latter is wholly unaffected by this judgment, and is a competent witness.

But if Crawford had been incompetent to prove Love's default, he was certainly competent to prove Dargan's payment to him; for this was against his interest, if he had any, and the objection going to the whole deposition, was for this reason properly overruled. As to Crawford's competency, see McNeill v. Sanford, 3 B. Monroe, 11; 6 Pick. Rep., 419; 10 Leigh's Rep., 155.

Let the judgment be affirmed.

DARGAN, C. J. being a party to the suit, did not sit in this case.